IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04921-PAB

CARLOS EDUARDO ACUNA PALENQUE,

Petitioner,

v.

JUAN BALTAZAR, Warden,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Carlos Eduardo Acuna Palenque's *pro se*[1] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondent filed a response. Docket No. 8.

## I. BACKGROUND[2]

Petitioner is a native and citizen of Colombia who arrived in the United States on or about December 3, 2022. Docket No. 1-4 at 2. On December 8, 2022, Department of Homeland Security released petitioner from custody on petitioner's own recognizance. Docket No. 1-1 at 2. Petitioner has a pending asylum application and was granted work authorization based on that application. *Id*. at 1. Immigration and

[1] Because petitioner is proceeding *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Respondent indicates that he is "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 8 at 1. Accordingly, the Court draws all facts from Mr. Acuna-Palenque's petition.

Customs Enforcement ("ICE") stopped petitioner while driving on September 8, 2026 and is currently detaining him at the Aurora Contract Detention Facility. *Id*. Petitioner has not received an individualized bond hearing before an immigration judge. *Id.* Petitioner has no criminal convictions. *Id*. at 2.

On October 2, 2026, petitioner filed a habeas petition. *See generally* Docket No. 1. Petitioner asserts that he "is being detained without a prompt individualized custody determination and without a bond hearing after his September 8, 2026 detention." *Id.* at 5. As relief, he seeks release from custody "if Respondents cannot establish lawful authority for his continued detention," or alternatively, an "expedited individualized bond[ ] hearing under the applicable immigration detention authority." *Id.* at 7.

On October 14, 2026, respondent filed a response. *See generally* Docket No. 8. Respondent's response represented that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." *Id.* at 1-2.

## II. ANALYSIS

ICE detained petitioner within the borders of the United States after previously releasing him on his own recognizance. Docket No. 1-1 at 1-2. Accordingly, the government cannot claim that his detention is authorized by 8 U.S.C. § 1225(b)(2)(A), application of which "is limited to the border." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026). Petitioner likewise has no criminal convictions, Docket No. 1-1 at 2, so the government cannot claim that his detention is authorized by 8 U.S.C. § 1226(c). Instead, petitioner's detention is governed by 8 U.S.C. § 1226(a), which affords petitioner the right to a bond hearing contesting his ongoing detention or else to

be released. *See Santillan Quiroz*, 180 F.4th at 1251 n.13; *see also Loa Caballero v. Baltazar*, No. 25-CV-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) ("[B]ecause Petitioner is detained under § 1226(a), his present detention without a bond hearing violates the INA."). Petitioner has not received an individualized bond hearing. *See* Docket No. 1-1 at 1. Respondent submitted, however, that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent . . . release Petitioner from detention." Docket No. 8 at 2 (emphasis omitted).

Accordingly, the Court will grant the petition and order respondent to release petitioner within 48 hours of this order.

**III. CONCLUSION**

Therefore, it is

**ORDERED** that petitioner Carlos Eduardo Acuna Palenque's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that petitioner Carlos Eduardo Acuna Palenque's Emergency Motion for Immediate Release [Docket No. 2] is **DENIED as moot**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge